IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TOLULOPE ADEGUNJU,

        **Plaintiff,**

    vs.

                                **Case No. 2:25-cv-0841**
                                **Chief Judge Sarah D. Morrison**
                                **Magistrate Judge Elizabeth P. Deavers**

DHI MORTGAGE COMPANY,
LTD., *et al.*,

        **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's second Request for Issuance of Summons. (ECF No. 4.)  Plaintiff again failed to provide service copies of the Complaint for each Defendant and properly completed summons and U.S. Marshal service forms.  (*Id.*)  The summons is not directed to the proper defendants. The proper defendants are persons named as defendants in the caption of the complaint.  If the person to be served is someone other than a named defendant, such as in a case where the United States or an officer or agency of the United States is the named defendant, you must put the named defendant's name after "To:" followed by the name and address of the person to be served, preferably preceded by the designation "c/o." Accordingly, Plaintiff is **ORDERED** to submit, within **TWENTY-ONE (21) DAYS** of the date of this Order, a completed summons, U.S. Marshal service form, and a copy of the Complaint for service upon each Defendant. If Plaintiff does not comply with this Order, the Court may dismiss Plaintiff's claims for want of prosecution.

This matter is also before the Court for an initial screen of Plaintiff's Complaint (Compl., ECF No. 1-1) under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A.  For the reasons below, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (ECF No. 1-1) be **DISMISSED in part**.

## I.    STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>         \*      \*      \*
>     (B) the action or appeal--
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, Section 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

---

[1] Formerly 28 U.S.C. § 1915(d).

"A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law." *Brown v. Kruse*, No. 1:15-CV-526, 2015 WL 5907557, at *1 (S.D. Ohio Aug. 24, 2015) (citing *Neitzke*, 490 U.S. at 328–29), *report and recommendation adopted*, No. 1:15-CV-526, 2015 WL 5836009 (S.D. Ohio Oct. 7, 2015). "An action has no arguable legal basis when the . . . plaintiff claims a violation of a legal interest which clearly does not exist. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or wholly incredible." *Id.* (citations and quotations omitted). The Court need not accept as true factual allegations that are fantastical or delusional. *Id.* (citations and quotations omitted).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by

lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits: "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

In addition, when it is evident from the face of the complaint that a court lacks federal jurisdiction, the court may dismiss an action for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II.      ANALYSIS

Plaintiff brings this action against Defendants DHI Mortgage Company, Ltd. ("DHI") and Lakeview Loan Servicing, LLC ("Lakeview"), asserting twelve "Cause[s] of Action." (Compl. at PageID 5, 9–29.) In the relief section of his Complaint, Plaintiff seeks ownership of the property subject to the mortgage at issue; economic, punitive, and treble damages; a declaration that Defendants "violated multiple [Supreme] Court Mandates/Case Laws"; several Orders relating to Defendants' ability to conduct business; an Order removing information on Plaintiff's credit report; and an award of costs. (*Id.* at PageID 30.)

### A.      Claims That May Proceed for Further Development

The Undersigned recommends that several of Plaintiff's claims be allowed to proceed for further development. Plaintiff alleges he "closed on/executed a Mortgage" with Defendant DHI and signed a promissory note. (*Id.* at PageID 6.) Plaintiff contends that Defendant DHI breached a contract related to the mortgage and/or promissory note and violated Ohio Revised Code § 1322.40 and 15 U.S.C. § 1692(e). (*Id.* at PageID 16–20.) Plaintiff asserts that Defendant

Lakeview breached a contract related to the mortgage and/or promissory note and violated 15

U.S.C. § 1692(e).  (*Id.* at PageID 17–19.)  At this stage of the case, without the benefit of

briefing, the Undersigned finds that Plaintiff sufficiently alleged a breach of contract claim and

violations of O.R.C. § 1322.40 and 15 § U.S.C. 1692(e) against Defendant DHI, and a breach of

contract claim and violation of 15 § U.S.C. 1692(e) against Defendant Lakeview.  To be clear,

the Undersigned issues no opinion on the merits of this case.  Accordingly, the Undersigned

**RECOMMENDS** that "Cause of Action" 2, 3, and 4 be allowed to **PROCEED** for further

development.

> **B.      Claims That Should be Dismissed**

The Undersigned recommends that the remainder of Plaintiff's Complaint be dismissed

for failure to state a claim upon which relief may be granted.  First, Plaintiff's "Cause of Action"

1 should be dismissed.  Plaintiff alleges that there is not a valid contract between himself and

Defendant DHI, and Defendant DHI, therefore, cannot commence foreclosure proceedings

against Plaintiff.  (Compl. at PageID 9–10.)  Plaintiff contends that he "was deceived into

entering an Unconscionable Contract" and "the mortgage was executed under Fraudulent

Pretenses and representations."  (*Id.* at PageID 15.)  Plaintiff asserts that he "is entitled to

Relief."  (*Id.* at PageID 12.)  Subsequently, Plaintiff alleges that "[t]here appears to have been a

Contract between the Plaintiff and the Defendants . . . ."  (*Id.* at PageID 16.)  Even liberally

construing the Complaint, the Undersigned cannot conclude that Plaintiff states a claim.

*Frengler*, 482 F. App'x at 976–77 ("courts should not have to guess at the nature of the claim

asserted") (citation omitted).

Here, Plaintiff's Complaint offers no more than conclusory statements that are plainly

insufficient.  *See Iqbal*, 556 U.S. at 678.  In his Complaint, Plaintiff claims only "'naked

assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

There are no facts supporting the assertions Plaintiff makes that he "was deceived into entering an Unconscionable Contract" and "the mortgage was executed under Fraudulent Pretenses and representations."  (Compl. at PageID 15.)  Standing alone, these statements are insufficient to show that Plaintiff is entitled to relief.  Accordingly, the Undersigned **RECOMMENDS** that Plaintiff's Cause of Action 1 be **DISMISSED** for failure to state a claim.

Second, Plaintiff's "Cause of Action" 5 should be dismissed.  Plaintiff alleges that "Defendants" and "the Defendant(s)" violated O.R.C. § 2913.01.  (*Id.* at PageID 21.)  As an initial matter, Plaintiff fails to specify how each Defendant harmed him such that his claim is subject to dismissal.  *Jefferson v. Fenech*, No. 18-12811, 2020 WL 7353517, at *4 (E.D. Mich. Dec. 15, 2020) ("[I]n the Sixth Circuit, grouping all defendants together collectively and providing no factual basis to distinguish each defendants' conduct does not satisfy the *Twombly/Iqbal* fair notice pleading standard.")    Even putting aside Plaintiff's failure to attribute specific conduct to each Defendant, O.R.C. § 2913.01 only provides definitions and does not provide a specific cause of action available to individual parties.  O.R.C. § 2913.01.  Accordingly, the Undersigned **RECOMMENDS** that Plaintiff's claims pursuant to O.R.C. § 2913.01 be **DISMISSED** for failure to state a claim.

Third, Plaintiff's "Cause of Action" 6–12 should be dismissed.  Plaintiff lists several causes of actions for violations of 18 U.S.C. §§ 1341, 1343, 1344, 1952, 1956, 1957, and 1961 and claims that he is entitled to relief pursuant to certain statutes without alleging any private right of action.[1]  (Compl. at PageID 22–29.)  The Undersigned finds no private right of action for enforcement of these criminal statutes.  In addition, 18 U.S.C. § 1961 provides only definitions,

---

[1] The Undersigned notes that Plaintiff does not consistently identify which Defendant violated a particular statute in "Cause of Action" 6–12 which further calls for the dismissal of the claims. (Compl. at PageID 22–29.) *See Jefferson*, 2020 WL 7353517, at *4.

not a private right of action. 18 U.S.C. § 1961. Plaintiff includes a "Preliminary Note regarding

Private Right of Action on Federal Crimes" (Compl. at PageID 22), which in essence recognizes

that "[a]bsent a private right of action, a plaintiff cannot recover civilly for violation of a

criminal statute." *Milam v. Southaven Police Dep't*, No. 15-CV-02029, 2015 WL 1637937, at \*7

(W.D. Tenn. Apr. 13, 2015), *aff'd* (Aug. 21, 2015). Plaintiff instructs that the alleged violations

"should be viewed more so as a supporting reference arguments" if they lack a private right of

action. (Compl. at PageID 22.) In the interest of clarity and efficiency, the Undersigned

**RECOMMENDS** that "Cause of Action" 6–12 be **DISMISSED** for failure to state a claim.

## III.     CONCLUSION

For the reasons explained above, it is **RECOMMENDED** that Plaintiff's Complaint

(ECF No. 1-1) be **PARTIALLY DISMISSED with prejudice** pursuant to 28 U.S.C. §

1915(e)(2) for failure to state a claim upon which relief may be granted. The Undersigned

**RECOMMENDS** that "Cause of Action" 2, 3, and 4 be allowed to **PROCEED** for further

development. The Undersigned further **RECOMMENDS** that "Cause of Action" 1 and 5–12 be

**DISMISSED**.

It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. §

1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and

Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in*

*forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that

party may, within **14 DAYS**, file and serve on all parties any objections to the Report and

Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Responses to objections must be filed within **14 DAYS** after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .." (citation omitted)).

**IT IS SO ORDERED.**

**DATED:  August 11, 2025**

*/s/ Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**

8