UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TOLULOPE ADEGUNJU,

      **Plaintiff,**
                          :

                                  Case No. 2:25-cv-841
v.                             Chief Judge Sarah D. Morrison
                                Magistrate Judge S. Courter M.
DHI MORTGAGE COMPANY,       Shimeall
LTD., *et al.*,
                          :

      **Defendants.**

## OPINION AND ORDER

Tolulope Adegunju, proceeding without counsel, asserted 12 causes of action against DHI Mortgage Company, LTD. and Lakeview Loan Servicing, LLC. (Compl., ECF No. 1-1.) The Magistrate Judge conducted an initial screen of the Complaint under 28 U.S.C. § 1915(e)(2) and recommended Counts 1 and 5–12 be dismissed. (ECF No. 6.) The Court adopted the Magistrate Judge's recommendation (ECF No. 10), and now only three counts remain.

Lakeview has moved to dismiss the remaining counts under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 12), and DHI has moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) (ECF No. 18). Both Motions are ripe for decision.

For the reasons below, both DHI's and Lakeview's Motions are **GRANTED**.

## I.     BACKGROUND[1]

On August 31, 2020, Mr. Adegunju closed on a $338,933.00 mortgage with DHI for his new home located at 7141 Lester Drive in Canal Winchester, Ohio. (Compl., PAGEID # 6.) Less than three years later, he defaulted by failing to make his regular mortgage payments. (ECF No. 12, Ex. C, PAGEID # 189–92.)

In February 2024, DHI assigned the mortgage to Lakeview; one month later, Lakeview sued Mr. Adegunju in the Fairfield County Court of Common Pleas. (ECF No. 12, Exs. B, C.) Lakeview sought repayment of the principal sum of $318,795.65. (ECF No. 12, Ex. C, PAGEID # 190.) On January 8, 2025, the Common Pleas Court entered a Judgment and Decree of Foreclosure in favor of Lakeview. *See Lakeview Loan Servicing, LLC v. Adegunju, et al.*, No. 24-cv-219 (Ohio C.P. Fairfield Jan. 8, 2025). The Ohio Fifth District Court of Appeals upheld the trial court's decision. *See Lakeview Loan Servicing, LLC v. Adegunju*, 2025-Ohio-2019, 2025 WL 1600985 (Ohio Ct. App. June 5, 2025). Mr. Adegunju did not appeal to the Ohio Supreme Court. (ECF No. 18, PAGEID # 257.)

The case was returned to the trial court, and Mr. Adegunju's home was set for sale. (*Id.*) On July 30, 2025, he filed this action. (*See* Compl.)

---

[1] At this stage in the litigation, the Court takes all well-pleaded factual allegations in the Complaint as true. *See Bullington v. Bedford Cty.*, 905 F.3d 467, 469 (6th Cir. 2018). That said, the Court may also "consider … public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Because Mr. Adegunju references the foreclosure action that occurred in state court in his Complaint, the Court will consider exhibits and public records related to that case.

2

## II.   MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

In its Motion for Judgment on the Pleadings, DHI moves to dismiss Mr. Adegunju's Complaint for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine pursuant to Federal Rule of Civil Procedure 12(b)(1). If the Court lacks subject-matter jurisdiction, then Defendants' remaining merits-based arguments are moot, so the Court starts there.

### A.   Standard of Review

"Where a Rule 12(c) motion asserts that a court lacks subject matter jurisdiction, the motion is governed by the same standard that applies to a Rule 12(b)(1) motion." *Cruz v. AAA Carting and Rubbish Removal, Inc.*, 116 F. Supp. 3d 232, 239 (S.D.N.Y. 2015) (citation omitted). Rule 12(b)(1) provides for dismissal when a court lacks subject-matter jurisdiction. Without subject-matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). When subject-matter jurisdiction is challenged, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

"Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). "A motion to dismiss for lack of subject matter jurisdiction pursuant to *Rooker-Feldman* is a facial attack of a court's subject matter jurisdiction." *Pace v. Deutsche Bank Nat'l Tr. for First Franklin Mortgage Loan Trust 2006-FF16, Asset-Backed Certificates, Series 2006-FF16, et al.*, No. 2:18-cv-

3

195, 2018 WL 4334614, *3 (S.D. Ohio Sept. 11, 2018) (Smith, J.). A facial attack "questions merely the sufficiency of the pleading"—thus, the trial court takes the allegations of the complaint as true. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).

### B. Analysis

The *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). But "[i]f a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Exxon Mobil*, 544 U.S. at 293 (internal quotation marks and citations omitted). The *Rooker-Feldman* doctrine thus applies "only when a plaintiff complains of injury from the state court judgment itself." *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006); *see also McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006) ("The key point is that the source of the injury must be from the state court judgment itself; a claim alleging another source of injury is an independent claim.").

Mr. Adegunju does not claim that the state-court judgment itself violated the federal Constitution or federal law. Nor does Mr. Adegunju limit the relief he seeks to overturning the state-court judgment. Rather, Mr. Adegunju alleges independent claims that DHI breached its contract with him and committed fraud and that both DHI and Lakeview engaged in unlawful debt collection practices. (*See generally* Compl.) And, in addition to enjoining the foreclosure, he seeks economic damages as well as whatever other relief the Court deems just. (*Id*.) "Certainly, these independent claims may deny a legal conclusion of the state court, *i.e.*, [entering a decree of foreclosure against Mr. Adegunju]; however, this fact does not lead to a divestment of subject matter jurisdiction in the federal courts." *McCormick*, 451 F.3d at 392. Rather, "the Supreme Court has instructed that preclusion law is the appropriate solution for these independent claims." *Id*.

Accordingly, this Court does not lack subject matter jurisdiction and turns next to the merits.

## III.  MOTION TO DISMISS AND MOTION FOR JUDGMENT ON THE PLEADINGS

Lakeview moves to dismiss Mr. Adegunju's Complaint and DHI moves for judgment on the pleadings on several related grounds. First, they argue that claim preclusion bars Mr. Adegunju's claims. Second, they argue the statute of limitations bars Mr. Adegunju's only surviving federal claim. And third, they argue that neither Lakeview nor DHI is a debt collector under the Fair Debt Collection Practices Act.

### A.    Standard of Review

A motion for judgment on the pleadings made under Federal Rule of Civil Procedure 12(c) is analyzed like a motion to dismiss under Rule 12(b)(6). *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). To overcome such a motion:

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* (citing *Twombly,* 550 U.S. at 555.) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A motion for judgment on the pleadings should be granted when there is no material issue of fact, and the moving party is entitled to judgment as a matter of law. *Tucker*, 539 F.3d at 549.

Although a *pro se* litigant is entitled to a liberal construction of his pleadings and filings, he still must do more than assert bare legal conclusions. *See Martin v. Overton*, 391 F.3d. 710, 714 (6th Cir. 2004). Indeed, his "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

## B.    Analysis

Because Defendants' claim preclusion argument is dispositive, the Court starts and ends there.

"The full faith and credit statute, 28 U.S.C. § 1738, requires a federal court to accord a state court judgment the same preclusive effect that the judgment would have in state court." *In re Fordu*, 201 F.3d 693, 703 (6th Cir. 1999). "When a federal court is asked to give preclusive effect to a state court judgment, the federal court must apply the law of the state in which the prior judgment was rendered in determining whether and to what extent the prior judgment should be given preclusive effect in a federal action." *Id*. The underlying state court action occurred in Ohio, so the Court applies Ohio preclusion law here.

The doctrine of res judicata consists of two components: claim preclusion and issue preclusion. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Under claim preclusion, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (Ohio 1995). In Ohio, a claim will be precluded where there is:

> (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997).

Defendants contend that all four factors have been satisfied, claim preclusion applies, and, as a result, Mr. Adegunju's three remaining claims fail. The Court reviews the four-factor analysis below and agrees.

First, there is no dispute that Lakeview prevailed in a foreclosure action against Mr. Adegunju in Fairfield County, Ohio. And that decision was upheld on appeal.

Second, both Lakeview and Mr. Adegunju were parties to the underlying state court action. As for DHI, "[a] party is in 'privity' with another if [it] succeeds to an estate or an interest formerly held by the other, or where a party is so identified in interest with another that the party represents the same legal right." *Wright v. Heller*, 102 N.E.3d 1285, 1291 (Ohio Ct. App. 2018) (internal citation omitted). Lakeview succeeded DHI's interest in the at-issue mortgage, so Defendants are in privity. *See id.* at 1292 ("Courts have determined that privity exists between a loan servicing agent and a mortgage company.")

Third, Mr. Adegunju could have raised his three remaining claims in the state-court action. Count II alleges that DHI breached the terms of the mortgage by not lending Mr. Adegunju money, Count III alleges that DHI committed mortgage fraud for the same reason, and Count IV alleges that DHI and Lakeview unlawfully sought to collect on a debt because they made Mr. Adegunju believe he owed a debt he did not actually owe. All three claims would have served as a defense to the state court foreclosure action; but they were not raised there and cannot be raised now.

8

Fourth and finally, this suit and the state court action involve the same transaction or occurrence – Mr. Adegunju's mortgage.

In summary, the Court finds that all required elements for claim preclusion exist here. Mr. Adegunju does not meaningfully rebut any element and is thus barred from attempting to relitigate what the state court put to rest.

## IV.   CONCLUSION

For the above reasons, Lakeview's Motion to Dismiss (ECF No. 12) is **GRANTED**, and Counts II–IV of the Complaint against Lakeview are **DISMISSED with prejudice**. DHI's Motion for Judgment on the Pleadings (ECF No. 18) is **GRANTED**. DHI is entitled to judgment on Counts II–IV of the Complaint.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

9